CHRISTEN, Circuit Judge,
concurring:
I concur in the judgment because I agree that Dr. McIntyre was unable to tie his testimony regarding cultural factors to Woody specifically, and that without Dr. McIntyre’s opinion the totality of the circumstances do not support the district court’s ruling to suppress Woody’s incriminating statements. I write separately to express my concern regarding the FBI’s failure to record Woody’s examination.
The conscientious district court judge in this case tried to follow our recent decision in United States v. Preston, where we emphasized the need for courts to consider “the totality of all the surrounding circumstances — both the characteristics of the accused and the details of the interrogation.” United States v. Preston, 751 F.3d 1008, 1016 (9th Cir. 2014) (en banc) (quoting Dickerson v. United States, 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000)). In Preston, we had the benefit of audiotapes and a transcript of the interrogation. See id. at 1020. Here, pursuant to the FBI’s internal policy, we do not have a record of Woody’s polygraph examination. This ’ dramatically hindered the district court’s and our ability to review the totality of the circumstances surrounding his admissions. According to Agent Fuller, the FBI has amended its policy to permit recording an examinee’s reading and signing of the advice of rights and consent forms, but the amended policy requires agents to then affirmatively turn off the recording equipment for the examination itself. The district court was troubled by this, and I am too.
The district court was free to consider whether the FBI’s failure to record “might support a larger inference that [Agent Fuller’s] testimony did not accurately portray the circumstances surrounding [Woody’s] confession.” See United States v. Wright, 625 F.3d 583, 604 n.10 (9th Cir. 2010) (quoting United States v. Yunis, 859 F.2d 953, 961 (D.C. Cir. 1988)), superseded by statute on other grounds as recognized by United States v. Brown, 785 F.3d 1337, 1351 (9th Cir.2015). But even with the inferences the district court drew from the FBI’s failure to record, the totality of the circumstances does not support the court’s suppression order. On the record presented, I agree we must reverse.